IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Elmore Hicklin, | Civil Action No.: 3:12-cv-00857 |
| Plaintiff, | |
| v. | |
| Unified Portfolio Servicing, LLC, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Elmore Hicklin, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), North Carolina Fair Debt Collection Practices Act, and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Elmore Hicklin ("Plaintiff"), is an adult individual residing in Charlotte, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Unified Portfolio Servicing, LLC ("UPS"), is a New York business entity with an address of 3435 Harlem Road, Suite 11 and 12, Cheektowaga, New York 14225, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to Wachovia Bank (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to UPS for collection, or UPS was employed by the Creditor to collect the Debt.

9.      The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. UPS Engages in Harassment and Abusive Tactics

10.     On or around October 15, 2012, Defendant began contacting Plaintiff in an attempt to collect the Debt by placing calls daily to Plaintiff's cellular phone.

11.     On each call placed to Plaintiff, Defendant failed to identify the name of its company and failed to state that the reason for its calls was debt collection.

12.     During the initial conversation, Defendant threatened Plaintiff that if he did not satisfy the Debt in full by a certain date, Defendant would seize Plaintiff's driving license.

2

Defendant continued that Plaintiff would have to put his car in under his girlfriend's name so that also would not be seized.

13. Defendant also threatened to "mess" with Plaintiff's social security, insinuating that something bad would happen to Plaintiff.

14. During this conversation, Plaintiff attempted to negotiate a settlement agreement in regards to satisfying the Debt at a rate by which he could afford. Defendant, however, refused to accept any payment plan and demanded that Plaintiff satisfy the Debt within a three day deadline.

15. Moreover, Defendant threatened to take bring a civil lawsuit against Plaintiff for failure to pay.

16. However, no such legal action has been taken.

17. Additionally, Defendant misleadingly stated that Plaintiff owed an amount toward the Debt different from the original amount due to "court fees."

18. On October 24, 2012, Plaintiff informed Defendant he had retained legal representation and provided his attorney's contact information.

19. Defendant proceeded to place an additional call to Plaintiff's mother's home telephone on October 26, 2012, and to Plaintiff's cellular phone on October 30, 2012.

20. Furthermore, Defendant failed to send Plaintiff written validation of the Debt thereby failing to inform Plaintiff of his right to dispute the Debt within a thirty –day deadline.

**C. Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

25. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

26. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

27. The Defendant's conduct violated 15 U.S.C. § 1692d(6) in that Defendant placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

28. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

29. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character and amount of the Debt.

30. The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiff with seizure of his property if the Debt was not paid.

31. The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiff with attachment of his property if the Debt was not paid.

32. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

33. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

34. The Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant failed to inform the consumer that the communication was an attempt to collect a debt.

35. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

36. The Defendant's conduct violated 15 U.S.C. § 1692f(6) in that Defendant threatened to unlawfully repossess or disable the Plaintiff's property.

37. The Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

38. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

39. The Defendant's conduct violated 15 U.S.C. § 1692g(b) in that Defendant continued collection efforts even though the Debt had not been verified.

40. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

41. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT, N.C. Gen.Stat. § 58-70, et seq.

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The Plaintiff is a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

44. The Defendant is a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15, and is duly licensed collect debt in the state of North Carolina pursuant to N.C. Gen.Stat. § 58-70-1.

45. The Defendant used or threatened to use violence or any illegal means to cause harm to the person, reputation or property of the Plaintiff, in violation of N.C. Gen.Stat. § 58-70-95(1).

46. The Defendant represented that nonpayment of the Debt might result in the seizure, garnishment, attachment, or sale of any property or wages, in violation of N.C. Gen.Stat. § 58-70-95(6).

47. The Defendant threatened to take any action not in fact taken in the usual course of business, in violation of N.C. Gen.Stat. § 58-70-95(7).

48. The Defendant threatened to take any action not permitted by law, in violation of N.C. Gen.Stat. § 58-70-95(8).

49. The Defendant failed to disclose in the initial communication with the Plaintiff that Defendant were attempting to collect a debt and that any information obtained would be used for that purpose, and the failure to disclose in subsequent communications that the communication was from a debt collector, in violation of N.C. Gen.Stat. § 58-70-110(2).

50. The Defendant falsely represented the character, extent, or amount of the Debt or its status in any legal proceeding in violation of N.C. Gen.Stat. § 58-70-110(4)

51. The Defendant falsely represented that an existing obligation of the Plaintiff might be increased by the addition of attorney's fees, investigation fees, service fees, or any other fees or charges, in violation of N.C. Gen.Stat. § 58-70-110(6).

52. Defendant collected or attempted to collect from Plaintiff all or any part of Defendant's fee or charge for services rendered, collected or attempted to collect any interest or other charge, fee or expense incidental to the principal Debt, in violation of N.C. Gen.Stat. § 58-70-115(2).

## COUNT III

## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT, N.C. Gen.Stat. § 75-50, et seq.

53. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The Plaintiff is a "consumer" as the term is defined by N.C. Gen.Stat. § 75-50(1).

55. The Plaintiff incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

56. The Defendant is a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

57. The Defendant's conduct violated N.C. Gen.Stat. § 75-52 in that Defendant used conduct the natural consequence of which is to oppress, harass, or abuse the Plaintiff in connection with the attempt to collect the Debt.

7

58. The Defendant's conduct violated N.C. Gen.Stat. § 75-53(1) in that Defendant unreasonably publicized information regarding a consumer's debt by communicating with a person other than the Plaintiff or his attorney.

59. The Defendant's conduct violated N.C. Gen.Stat. § 75-54 in that Defendant collected or attempted to collect a Debt or obtain information concerning the Plaintiff by a fraudulent, deceptive or misleading representation.

60. The Defendant's conduct violated N.C. Gen.Stat. § 75-54(2) in that Defendant failed to disclose in all communications attempting to collect a debt that the purpose of such communication was to collect a Debt.

61. The Defendant's conduct violated N.C. Gen.Stat. § 75-54(4) in that Defendant falsely represented the character, extent, or amount of a Debt against the Plaintiff or of its status in legal proceeding; falsely represented that the collector was in any way connected with an agency of the federal, State or local government; or falsely represented the creditor's rights or intentions.

62. The Defendant's conduct violated N.C. Gen.Stat. § 75-54(6) in that Defendant falsely represented that an existing obligation of the Plaintiff might be increased by the addition of attorney's fees, investigation fees, service fees, or any other fees or charges.

63. The Defendant's conduct violated N.C. Gen.Stat. § 75-55 in that Defendant collected or attempted to collect a Debt by use of unconscionable means.

## COUNT IV

## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

64. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

66. The Plaintiff suffered mental anguish, lost wages and other damages in an amount to be proven at trial.

67. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
4. Actual damages pursuant to N.C. Gen.Stat. § 58-70-130(a);
5. Statutory damages of $4,000.00 pursuant to N.C. Gen.Stat. § 58-70-130(b);
6. Attorney's fees pursuant to N.C.G.S. § 75-16.1;

7. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA and North Carolina state law violations in an amount to be determined at trial for the Plaintiff;

8. Punitive damages; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 28, 2012

               Respectfully submitted,

               By  _/s/ John S. Austin_

               John S. Austin, Esq.
               Bar Number: 20826
               Austin Law Firm, PLLC
               P.O. Box 6580
               Raleigh, NC 27628-6580
               Email: jaustin@lemberglaw.com
               Telephone: (855) 301-2100 Ext. 5529
               Facsimile:  (888) 953-6237
               Attorney for Plaintiff

               Of Counsel To:

               LEMBERG & ASSOCIATES L.L.C.
               1100 Summer Street, 3rd Floor
               Stamford, CT 06905
               Telephone: (203) 653-2250
               Facsimile:  (203) 653-3424